**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LORIE SANHUEZA,
Plaintiff-Appellant,

v.

DILLARD DEPARTMENT STORES,
INCORPORATED,
Defendant-Appellee.

No. 98-1788

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-97-98-3-MU)

Argued: March 2, 1999

Decided: April 29, 1999

Before WILKINSON, Chief Judge, KING, Circuit Judge,
and LEE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Roger Wade Rizk, ROGER W. RIZK, P.A., Charlotte,
North Carolina, for Appellant. Jacob John Modla, HAYNSWORTH,
BALDWIN, JOHNSON & GREAVES, L.L.C., Charlotte, North Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lorie Sanhueza brought suit against her former employer, Dillard Department Stores, Incorporated, claiming that Dillard fired her in retaliation for filing a workers' compensation claim. The district court granted Dillard's motion for summary judgment. Because we agree with the district court that Sanhueza does not raise a triable issue of fact as to whether Dillard fired her because of her claim, we affirm.

I.

In 1993 Sanhueza was employed in Dillard's Distribution Center in Charlotte, North Carolina receiving and checking merchandise. In May 1993 Sanhueza complained of hand and arm pain to the Center's Personnel Manager, who instructed her to obtain a medical examination. Sanhueza's doctor diagnosed her with carpal tunnel syndrome and ordered her to cease working until she could have corrective surgery. Sanhueza filed a claim for workers' compensation benefits on June 23, 1993 and took a six-month leave of absence effective July 6, 1993.

After Sanhueza recovered from her surgery, she attempted to return to Dillard. Because the Distribution Center had little work, Dillard placed her in the shipping department of one of its department stores in the Charlotte area. Unfortunately, Sanhueza's pain returned. Sanhueza's doctor instructed her to avoid using her hands for lifting, pulling, pushing, or carrying in a repetitive manner.

With these restrictions in mind, Dillard and Sanhueza discussed jobs in which she might be interested. Sanhueza listed security guard, quality control person, sales representative in the children's department, and cologne sprayer in the cosmetics department. All of these

2

positions were unavailable, however, and Sanhueza remained on leave.

Sanhueza made one more attempt to return to work on November 30, 1993, but her doctor's restrictions were still in effect and her preferred jobs remained unavailable. When Sanhueza's six-month leave ran out on January 7, 1994 and she still could not return to work, Dillard terminated her employment.

After receiving her right to sue letter from the North Carolina Department of Labor, Sanhueza filed suit in North Carolina state court alleging wrongful discharge and intentional infliction of emotional distress. Sanhueza claimed that Dillard terminated her because she filed a workers' compensation claim in violation of N.C. Gen. Stat. § 95-241(a)(1). Dillard removed the action to the United States District Court for the Western District of North Carolina, which dismissed Sanhueza's emotional distress claim and granted summary judgment to Dillard on her wrongful discharge claim. Sanhueza appeals only the latter ruling.

II.

North Carolina law prohibits any person from discriminating against an employee because that employee in good faith files or threatens to file a workers' compensation claim under the North Carolina Workers' Compensation Act. N.C. Gen. Stat.§ 95-241(a)(1). We agree with the district court that Sanhueza cannot show she was fired because she filed a workers' compensation claim.

Far from spurning Sanhueza after she filed her claim, Dillard struggled to accommodate her. Because there was little to do at the Distribution Center where Sanhueza was originally employed, Dillard worked to locate a position for her at one of its department stores.

When Sanhueza's condition made it difficult for her to continue in this new position, Dillard asked her what other jobs she might like to have. Although Sanhueza listed several options -- security guard, sales representative, cologne sprayer, and quality control person -- it is undisputed that each one was unavailable. Dillard contracted with

3

an outside firm to provide its security. Moreover, all sales positions, including cologne sprayer, were under a hiring freeze at the time. Finally, the quality control positions were entirely full.

In addition, there is ample evidence that Dillard does not fire people simply because they file workers' compensation claims. Dillard introduced unchallenged evidence that in the last few years the company has continued to employ multiple individuals after they filed such claims. Indeed, one employee filed four claims, and three others filed two each. All were employed by Dillard at the time the district court granted summary judgment.

In the face of this evidence, Sanhueza claims that Dillard demonstrated a discriminatory intent by failing to consider more than one department store when it tried to place her and by firing her immediately upon the expiration of her leave. Dillard, however, introduced unrefuted evidence that in both instances it treated Sanhueza just as it does all of its employees.

In sum, Dillard fired Sanhueza because it had no work that she could perform, not because she filed a workers' compensation claim.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

4